IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,285-02






EX PARTE CRAIG MATHIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR83-181 IN THE 207th DISTRICT COURT


FROM COMAL COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to twenty years' imprisonment. 

 Applicant contends that he is being improperly denied mandatory supervision release. 
Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997),
the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit listing Applicant's sentence begin date and the dates of issuance of any parole-revocation
warrants leading to the revocation of such parole or mandatory supervision. The affidavit should
state whether Applicant is serving a sentence for, or has previously been convicted of, an offense
which was listed in Tex. Gov't Code § 508.149(a) at the time of Applicant's revocation. The
affidavit should also address how much time was remaining on this sentence on the date that
Applicant was released on parole or mandatory supervision, and how much time Applicant spent on
release before the issuance of the parole-revocation warrant. The affidavit should state whether or
not Applicant is receiving credit for any of the time spent on parole or mandatory supervision. The
affidavit should state whether or not TDCJ is calculating a mandatory supervision release date for
Applicant on his aggravated robbery convictions. The affidavit should state whether Applicant has
completely discharged his sentence for possession of a controlled substance from 2005. Finally, the
affidavit should indicate whether or not Applicant has submitted his claim to the time credit
resolution system of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall make findings as to whether Applicant is receiving the proper amount of time credit for
that time. The trial court shall also make findings as to whether Applicant is entitled to a mandatory
supervision calculation for his sentence. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: April 29, 2009


Do not publish